**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MIGUEL ANGEL GUERRA-SERNA,

      Defendant - Appellant.

No. 07-1245
(D.C. No. 06-cr-489-EWN)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.[**]

Defendant-Appellant Miguel Guerra-Serna pleaded guilty to reentry of a

deported alien previously convicted of an aggravated felony. See 8 U.S.C. §

1326(a) & (b)(2). The previous aggravated felony conviction was transporting

illegal aliens. Mr. Guerra-Serna was sentenced to 46 months' imprisonment and

three years' supervised release. On appeal, Mr. Guerra-Serna's counsel has filed

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

an Anders brief because she identified no potentially meritorious issues for appeal. See Anders v. California, 386 U.S. 738 (1967). Mr. Guerra-Serna was served with a copy of the Anders brief by counsel, and no response has been filed. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal and grant counsel's motion to withdraw.

Following Mr. Guerra-Serna's guilty plea, a presentence investigation report (PSR) was prepared. The PSR calculated the applicable Guideline sentencing range to be 46 to 57 months' imprisonment given a total offense level of 21, and a criminal history category of III. IV R Doc. 5, 12; III R. 4. At the sentencing hearing, both counsel for Mr. Guerra-Serna and the government recommended that the district court impose a sentence of 46 months' imprisonment, the bottom of the Guideline range. III R. 3.

We agree with Mr. Guerra-Serna's counsel that no potentially meritorious issues are present on appeal. First, there is no reason to believe that Mr. Guerra-Serna's plea was anything but knowing and voluntary. See Brady v. United States, 397 U.S. 742, 755–56 (1970). Second, we agree with appellate counsel that a claim that the sentence is substantively unreasonable (after considering the severity of the crime and the § 3553(a) factors) is all but frivolous. There were no objections to the PSR, and both the government and trial counsel recommended a sentence at the low end of the applicable guideline range–exactly what the court imposed. Be that as it may, the sentence is within the

2

presumptively reasonable Guideline range and no facts have been suggested to rebut the presumption.  See Rita v. United States, --- U.S. ---, 127 S. Ct. 2456, 2462–63 (2007); United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006). Accordingly, we DISMISS this appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge